UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 22-cr-00202-RM

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

1. DHRUV JANI,
**2. JAMES ALBERT WITTE,** and
3. JASON LEE HENDERSON,

   Defendants.

_____

### MR. WITTE'S MOTION FOR AN ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) and (B)
_____

James Albert Witte, by his attorney, Martha H. Eskesen of MARTHA H. ESKESEN, P.C., pursuant to 18 U.S.C. 3161(h)(7)(A) and (B), moves the Court to continue the five-day jury trial set to commence on October 3, 2022 at 9:00 a.m. and associated filing deadlines (pretrial motions deadline of August 23, 2022; response deadline of August 30, 2022; trial preparation conference September 23, 2022 at 10:30 a.m.).  Mr. Witte respectfully requests the Court exclude 120 days from the existing trial date and set this matter for a status conference or require a status report to be filed toward the end of the 120-day period.

### Conferral

The government does not oppose the requested continuance.

**I.  Introduction:  Procedural Background and Speedy Trial Calculation**

1. On July 9, 2021, the government filed a Criminal Complaint as to Defendant 1, Dhruv Jani, and an arrest warrant was issued.  (Docs. 1 & 2).

2. On June 22, 2022, a seven-count Indictment was filed against Dhruv Jani, alleging violations of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) (Conspiracy to Commit Money Laundering (Concealment)) (Count 1); and 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering (Concealment)) (Counts 2-6); and 18 U.S.C. § 875(c) (Interstate Transmission of a Threatening Communication) (Count 7).  (Doc. 5).

3. Mr. Jani was arrested in the Western District of Washington on June 23, 2022.  (Doc. 11).

4. On July 20, 2022, a seven-count Superseding Indictment was filed against Dhruv Jani, James Albert Witte, and Jason Lee Henderson.  (Doc. 13).  The Superseding Indictment is the same as the original Indictment but for the addition of defendants Witte and Henderson who are charged with violations of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) (Conspiracy to Commit Money Laundering (Concealment)) (Count 1); and 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering (Concealment)) (Counts 2-6).

5. Defendant Dhruv Jani made his initial appearance and was arraigned by Magistrate Judge Kato S. Crews on July 26, 2022.  (Doc. 19).  He is detained pending trial.  *Id.*

6.     Mr. Henderson was arrested on July 26, 2022, made his initial appearance, and was arraigned by Magistrate Judge Kato S. Crews on that day.  (Doc. 18 & Doc. 21).  He is on pretrial release.  (Docs. 26 & 43).

7.     Mr. Witte was arrested on July 27, 2022, made his initial appearance, and was arraigned by Magistrate Judge Kato S. Crews on that day, as well.  (Doc. 28 & Doc. 35).  He is on pretrial release.  (Docs. 39 & 40).

8.     The speedy trial deadline, based on Mr. Witte's arraignment on July 27, 2022, is October 5, 2022.

9.     The Court established the following scheduling order in the case:

- August 23 – pretrial motions are due
- August 30 – responses to pretrial motions are due
- September 23, 2022 at 10:30 a.m. – Trial Preparation Conference
- October 3, 2022 at 9:00 a.m. – five-day jury trial begins

*Amended* Order Setting Trial Dates and Deadlines, August 3, 2022 (Doc. 44).

## II.    Justification for an Extension

10.    The Superseding Indictment alleges that, from January 2020 until April 2021, the defendants were part of a conspiracy to launder funds obtained from a government official impersonation scheme.  The allegations are that victims in the United States were contacted by telephone and coerced into believing they were under investigation by "Agents" of federal law enforcement agencies, and that the victims' identities had been connected to a crime for which their imminent arrest and/or

deportation from the United States had been ordered by law enforcement.[1]  The victims were further told that the only way to avoid arrest and or deportation was to pay the "Government" large sums of money, as instructed, by withdrawing cash from their bank accounts and mailing the cash to various addresses in Colorado.  The government alleges that Mr. Jani paid Messrs. Witte and Henderson to use fake identification cards to pick up victims' packages of cash mailed to various locations in Colorado.

11.     The discovery in this case is quite voluminous.  The government provided initial discovery to the defendants on August 5, 2022 and supplemental discovery on August 8, 2022.  It consists of 12,703 .pdf documents (34,442 pages) consisting of bank, hotel, credit card, commercial carrier, telephone company, and other financial institution records.  It also consists of multiple spreadsheets and approximately 18:14:52 hours of audio recordings and 20:16:59 hours of video recordings.

12.     On August 11, 2022, government counsel advised that there are six digital devices, including multiple devices seized from Mr. Jani upon his arrest on June 23, 2022, that have yet to be "imaged" and produced to the defense.  The government anticipates it will take "weeks" to image.  It is not yet known the volume of material that will be produced based on these efforts.  Once produced, defense counsel will have a better grasp on the additional volume of material that will require her review.

---

[1] These calls are alleged to have been made by others from "Indian call centers," and not Mr. Witte or Mr. Henderson, who are alleged to have picked up packages at the direction of Mr. Jani.

13. On August 15, 2022, the government filed a motion to disclose grand jury materials under specified conditions to the attorneys for defendants pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i). (Doc. 50). Once granted, there will be disclosure of an additional unknown quantity of materials in the case.

14. Ms. Eskesen must review the case, digest, and organize the discovery, confer with Mr. Witte, interview witnesses, research legal issues and file any applicable motions, and determine the best way to proceed with the defense of the case. This will require considerable time, yet to be determined based on counsel's initial review of the government's current discovery releases and the unknown nature and volume of material yet to be produced from the imaging of the electronic devices.

15. For these reasons, Mr. Witte requests a continuance of 120 days, and to set for a status conference toward the end of that period to receive counsels' report as to pretrial preparation.

16. Accordingly, Mr. Witte requests that 120 days from the existing trial date be excluded from the speedy trial computation. Mr. Witte and undersigned counsel believe that the ends of justice are best served by the granting of a 120-day continuance pursuant to 18 U.S.C. §3161(h)(7)(A) and (B) and that such interests outweigh the best interests of the public and Mr. Witte in a speedy trial.

### III.   Standard for Continuances

17. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends

of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

18. Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(A) - (B); *see also United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

19. In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should

consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. See *id*. No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *See id*.  However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

20. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court. *Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1390 (2010).

IV. **Argument**

21. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial as to

Mr. Witte, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

22.     Given the circumstances described above, this case is unusual and complex such that the current time limits are insufficient to ensure adequate representation of Mr. Witte.  18 U.S.C. § 3161(h)(7)(B)(ii).  Further, the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

23.     The Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Witte in a speedy trial.  It is in Mr. Witte's best interest to have sufficient time to complete necessary pretrial tasks and discuss his case with counsel.  Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions.  A limited ends-of justice continuance as requested will not subvert the public's or Mr. Witte's interest in the prompt prosecution of this case.

24.     Applying the *West* factors:

   a.     Since July 27, 2022, counsel has exercised diligence. Counsel has been diligent in reviewing discovery since its production on August 5, 2022, and in establishing a plan and moving forward with Mr. Witte's defense.

Nevertheless, additional time will be needed to effectively represent Mr. Witte for the reasons cited above in paragraphs 10 through 14.

      b.     It is anticipated that granting the requested continuance will accomplish the defense counsel's need for additional time.  Thus, the continuance, if granted, would accomplish the purpose underlying the need for the continuance.

      c.     The government does not object to the requested continuance.

      d.     The final *West* factor is the need asserted for the continuance, and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described in Part II of this motion. Without the requested continuance, defense counsel will be unable to adequately review discovery, confer with Mr. Witte, conduct a complete investigation, file appropriate motions, prepare for trial and intelligently engage in plea discussions. Without the exclusion of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel, and Mr. Witte's right to be effectively represented in these proceedings will be negatively impacted.

23.

## V.  Conclusion

25.     Accordingly, Mr. Witte respectfully requests that the Court grant this motion and issue an Order pursuant to 18 U.S.C. §3161(h)(7)(A) and (B) excluding 180

days from the existing trial date and set this matter for a status conference or the filing of a status report toward the end of the 120-day period.

Dated:  August 15, 2022               MARTHA H. ESKESEN, P.C.

                                      s/ Martha H. Eskesen
                                      Martha H. Eskesen
                                      7887 East Belleview, Suite 1100
                                      Denver, CO 80111
                                      Telephone:   (303) 228-1668
                                      Facsimile:    (303) 573-4921
                                      Email: meskesen@eskesenlaw.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 15, 2022, I electronically filed the foregoing **MR. WITTE'S MOTION FOR AN ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) and (B)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martha Paluch, Assistant U.S. Attorney
Martha.Paluch@usdoj.gov

David Johnson, Assistant Federal Public Defender
David_Johnson@fd.org
*Attorney for Dhruv Jani (#1)*

Martin Stuart
mstuart@mswdenver.com
*Attorney for Jason Lee Henderson (#3)*

And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

James Albert Witte  (via U.S. Mail)

                              MARTHA H. ESKESEN, P.C.

                              s/ Martha H. Eskesen
                              Martha H. Eskesen
                              7887 East Belleview, Suite 1100
                              Denver, CO 80111
                              Telephone:   (303) 228-1668
                              Facsimile:    (303) 573-4921
                              Email: meskesen@eskesenlaw.com