**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 22-cr-00202-RM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  DHRUV JANI,
2.  JAMES ALBERT WITTE, and
3.  JASON LEE HENDERSON,

     Defendants.

---

**ORDER GRANTING MR. WITTE'S MOTION FOR AN ENDS OF JUSTICE
CONTINUANCE AND TO EXCLUDE TIME
PURSUANT TO 18 U.S.C. § 3161(h)(7)(A) and (B)**

---

     This matter is before the Court on Mr. Witte's Motion for an Ends of Justice Continuance and to Exclude Time Pursuant to 18. U.S.C. § 3161(h)(7)(A) and (B) (the "Motion") (ECF No. 51).  The Defendant's Motion requests that 120 days[1] be excluded from the existing trial date and that this matter be set for a status conference or require a status report to be filed toward the end of the 120-day period.  Counsel for Defendants Dhruv Jani and Jason Lee Henderson do not oppose this request (ECF Nos. 55 and 55).  For the following reasons, the Motion is GRANTED, as to all Defendants.

     The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings."

---

[1]Defendant's motion is inconsistent as to the extension sought.  Paragraphs one, 15 and 16 request 120 days.  Paragraph 25 requests 180 and 120 days.  The Court interprets and grants the motion as a 120-day request.

*United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Among the authorized delays, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of

2

fact or law, that it is unreasonable to expect adequate
preparation for pretrial proceedings or for the trial itself within the time limits
established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of
the indictment is caused because the arrest occurs at a time such that it is
unreasonable to expect return and filing of the indictment within the period
specified in section 3161(b), or because the facts upon which the grand jury must
base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a
whole, is not so unusual or so complex as to fall within clause (ii), would deny the
defendant reasonable time to obtain counsel, would unreasonably deny the
defendant or the Government continuity of counsel, or would deny counsel for the
defendant or the attorney for the Government the reasonable time necessary for
effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case,

either orally or in writing, its reasons for finding that the ends of justice served by the granting of

such continuance outweigh the best interests of the public and the defendant in a speedy trial."

*Hill*, 197 F.3d at 441; § 3161(h)(7)(A).  Although the Court's findings "may be entered on the

record after the fact, they may not be made after the fact."  *Hill*, 197 F.3d at 441 (quoting *United

States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur

contemporaneously with the granting of the continuance because Congress intended that the

decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id.* (quoting

*Doran*, 882 F.2d at 1516).  The Court has discharged these duties.

The Defendant's Motion describes the various factors that he believes necessitate the

exclusion of an additional 120 days in this case, and the Court adopts and incorporates those

facts herein.

3

Defendants have been charged by Superseding Indictment with serious felonies. All three Defendants are charged with Conspiracy to Commit Money Laundering and Money Laundering. Defendant Jani is also charged with Interstate Transmission of Threatening Communication.

Initial discovery provided by the government is voluminous - 12,703 pdf documents (34,442 pages) consisting of bank, hotel, credit card, commercial carrier, telephone company and other financial institution records, spreadsheets and audio and video recordings. The government recently advised counsel that there are six digital devices that have yet to be "imaged" and produced to defense counsel and anticipates that it will take weeks to image. The volume of this material is not yet known. On August 15, 2022, the government filed a Motion to Disclosure Grand Jury Material (ECF No. 50), which the Court granted on August 16, 2022 (ECF No. 53). Additional disclosure of materials is expected to be forthcoming in relation to the granting of that Order.

Counsel for defendants require additional time to review, digest and organize the discovery, confer with their respective clients, perform investigative tasks, research legal issues and file any applicable motions, and determine the best way to proceed with the defense of the case.

The Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendants, despite due diligence, for pretrial or

trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)     Even considering due diligence, failure to grant the motion would deny counsel for Defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3)     Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)     Mr. Witte's Motion for an Ends of Justice Continuance and to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B) (ECF No. 51) is GRANTED;

(2)     **The 70-day clock, exclusive of tolled time, shall accordingly be extended from October 5, 2022** to **February 2, 2023**;

(3)     The current Trial date and all pretrial deadlines and settings are hereby VACATED.   The **five-day** jury trial is RESET for commence on **January 30, 2023** at **9:00 a.m.**  On the first day of trial, counsel shall be present at **8:30 a.m.**

The Trial Preparation Conference is RESET for **January 20, 2023** at **10:00 a.m.** Lead counsel who will try the case shall attend in person.  Defendants are also required to be present;

(4)    A status conference is set for **November 4, 2022, at 9:00 a.m**.  Defendants are not required to be present; and

(5)    Defendants shall have to and including **November 15, 2022** to file pretrial motions and responses to these motions shall be filed by **November 30, 2022.**

Dated this 22nd day of August, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

6